IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN EVANS, | CIVIL NO. 20-00111 JAO-RT |
| Plaintiff, | ORDER TO SHOW CAUSE |
| vs. | |
| FIDELITY BROKERAGE SERVICES LLC, | |
| Defendant. | |

## ORDER TO SHOW CAUSE

On March 9, 2020, Plaintiff Brian Evans ("Plaintiff"), who is self-represented and not incarcerated, filed a civil Complaint, ECF No. 1, against Fidelity Brokerage Services LLC ("Fidelity"); on March 17, 2020, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. 2, using the Court's provided form. For the following reasons, the Court ORDERS Plaintiff to SHOW CAUSE by **April 13, 2020** as to why the Complaint should not be dismissed for lack of subject matter jurisdiction, and therefore refrains from ruling on the Application until after such date.

The Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

The Complaint asserts a negligence claim; namely, that on October 1, 2018, Fidelity negligently misinformed Plaintiff regarding the purchasing and "hold[ing]" of stock, causing Plaintiff to take certain actions with his accounts and thereby "costing the Plaintiff hundreds of thousands of dollars" when his positions were "force-sold." ECF No. 1 at 4. The Complaint also alleges that FINRA[2]

---

[1] With respect to proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> . . .
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

[2] The Financial Industry Regulatory Authority ("FINRA") is a "'self-regulatory organization' ("SRO") as a national securities association registered with the SEC pursuant to the Maloney Act of 1938, 15 U.S.C. § 78o–3, et seq." *Fiero v. Fin. Indus. Regulatory Auth., Inc.*, 660 F.3d 569, 571 (2d Cir. 2011) (quoting *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 201 (2d Cir. 1999)).

denied Plaintiff's request to arbitrate his claims and that therefore Plaintiff was compelled to file this action. *Id.*

As an initial matter, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Plaintiff appears to assert that his negligence claim is based on diversity of citizenship. *See* ECF No. 1 at 3–4. Federal district courts have original jurisdiction based on diversity, i.e., over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Complaint asserts the amount in controversy is in excess of $75,000 and states that Plaintiff is a citizen of Hawai'i. ECF No. 1 at 1, 3. Although the Complaint asserts Fidelity is "incorporated under the laws of the State of . . . Delaware, and has its principal place of business in the State of . . . Rhode Island," *id.* at 3, the Complaint also states that Fidelity is an "LLC," i.e., a limited liability company. *See id.* at 1. The citizenship of an unincorporated association, such as a limited liability company, "can be determined only by reference to all of the entity's members," and not the laws under which it is organized or where it is registered to do business. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)).

Absent the foregoing information, the Court is unable to ascertain whether subject matter jurisdiction exists. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a response to this Order to Show Cause by **April 13, 2020**, by providing the citizenship of each of Fidelity's members.[3]

---

[3] If any of Fidelity's members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Plaintiff shall additionally identify those entities' members and provide their citizenships.

Plaintiff shall respond to this Order to Show Cause by **April 13, 2020**. The Court refrains from ruling on the Application until after such date. Failure to respond to the Order to Show Cause will result in a finding that Plaintiff has failed to carry his burden of establishing subject matter jurisdiction, an AUTOMATIC DISMISSAL of this action without prejudice, and a denial of Plaintiff's Application as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 24, 2020.

Jill A. Otake
United States District Judge