IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BRIAN EVANS, | ) | CIVIL NO. 20-00111 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) ) | SECOND ORDER TO SHOW CAUSE |
| vs. | ) ) ) | |
| FIDELITY BROKERAGE SERVICES LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

## SECOND ORDER TO SHOW CAUSE

On April 12, 2020, Plaintiff, Brian Evans ("Plaintiff") filed a Reply to Your Honors [sic] Order to Show Cause ("Reply") [ECF No. 12]. The Court previously ordered Plaintiff to show cause as to why his Complaint [ECF No. 1] should not be dismissed without prejudice for failure to establish subject matter jurisdiction; namely, for failing to sufficiently allege the citizenship(s) of Defendant, Fidelity Brokerage Services LLC ("Fidelity LLC"). *See* ECF No. 10; *see also Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." (quoting *NewGen, LLC v. SafeCig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016))).

In his Reply, Plaintiff states in relevant part:

> Abigail Pierrepont Johnson is the President/CEO, FMR Corp, is the owner of the LLC in question. She is a resident of Massachusetts.
>
> Other members shall be discovered through Discovery, as this LLC has been very careful to hide who those members are. The only publicly known member is the name stated above, who owns 49% of the company, individually.

ECF No. 12 at 2.

As a preliminary matter, it is unclear whether it is Ms. Johnson or FMR Corp that Plaintiff represents is a 49%-member of Fidelity LLC. If the former, Plaintiff has failed to adequately allege Ms. Johnson's citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of [state] citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." (citations omitted)). If the latter, Plaintiff has also failed to adequately allege FMR Corp's citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (It is well settled that a corporation is a citizen of "(1) the state where its principal place of

2

business is located, and (2) the state in which it is incorporated." (citing 28 U.S.C. § 1332(c)(1) (emphasis added))).

Additionally, Plaintiff does not explain his basis for stating that "this LLC has been very careful to hide who [other] members are" or whether he had exercised due diligence in determining the citizenship(s) of Fidelity LLC. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("*Absent unusual circumstances*, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." (citations omitted) (emphasis added)).

For the foregoing reasons, Plaintiff shall file a statement with the Court by April 17, 2020: (1) stating who the 49%-member of Fidelity LLC is and the citizenship(s) of that entity, (2) specifying what steps Plaintiff took to determine the citizenship(s) of Fidelity LLC, and (3) clarifying what information he obtained regarding Fidelity LLC's citizenship(s) and what information is lacking. The Court will then determine what appropriate action to take. Until after such date, the Court REFRAINS from ruling on the Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 7].

Failure to respond to this Order will result in a finding that Plaintiff has failed to carry his burden of establishing subject matter jurisdiction, an

AUTOMATIC DISMISSAL of this action without prejudice, and a denial of Plaintiff's Application as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 7, 2020.

Jill A. Otake
United States District Judge