IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN EVANS, | ) CIVIL NO. 20-00111 JAO-RT |
| Plaintiff, | ) ORDER (1) DISMISSING COMPLAINT |
| | ) AND (2) DENYING APPLICATION TO |
| vs. | ) PROCEED IN FORMA PAUPERIS |
| FIDELITY BROKERAGE SERVICES LLC, | ) |
| Defendant. | ) |

ORDER (1) DISMISSING COMPLAINT AND
(2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

On March 9, 2020, pro se Plaintiff Brian Evans ("Plaintiff") filed a Complaint against Fidelity Brokerage Services LLC ("Fidelity"). On March 17, 2020, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application" or "IFP Application"). ECF No. 7. For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES the Application without prejudice.

## BACKGROUND

Plaintiff appears to assert a negligence claim and identifies diversity jurisdiction as the basis for subject matter jurisdiction.[1] *See* Compl. According to Plaintiff, on October 1, 2018, Fidelity provided negligent information to Plaintiff during phone calls regarding the purchasing and holding of stock; specifically, Plaintiff alleges that he was advised he could purchase stock and hold it overnight. *See id.* at 4. Plaintiff appears to assert he relied on this information as he states it caused him to take certain actions within his account, which cost the Plaintiff hundreds of thousands of dollars when, without his permission, his positions were force-sold prior to the close of trading by Fidelity's Risk Management Department. *See id*. Plaintiff also alleges that the Financial Industry Regulatory Authority ("FINRA")[2] denied his request to arbitrate his claims, which compelled him to file this action. *See id.*

---

[1] As to the citizenships of the parties, Plaintiff represents that he is a citizen of Hawaiʻi and that Fidelity is a citizen of Massachusetts. *See* Compl. at 3; *see also* ECF Nos. 12, 14. Plaintiff also asserts the amount in controversy is $1,000,000. *See id.* at 4.

[2] FINRA is a "'self-regulatory organization' ("SRO") as a national securities association registered with the SEC pursuant to the Maloney Act of 1938, 15 U.S.C. § 78o–3, et seq." *Fiero v. Fin. Indus. Regulatory Auth., Inc.*, 660 F.3d 569, 571 (2d Cir. 2011) (quoting *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 201 (2d Cir. 1999)).

## DISCUSSION

A. **Dismissal of the Complaint under the In Forma Pauperis Statute — 28 U.S.C. § 1915(e)(2)**

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies FRCP Rule 8's pleading standard as it does in the context of an FRCP Rule 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172,

1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)). Although Rule 8 does not call for detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Here, even construing the Complaint liberally, *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.'" (citation omitted)), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted.

As best the Court can discern, it appears that Plaintiff attempts to assert a negligent misrepresentation claim against Fidelity. "Negligent misrepresentation has the following elements: '(1) false information be supplied as a result of the failure to exercise reasonable care or competence in communicating the

4

information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation.'" *Santiago v. Tanaka*, 137 Hawai'i 137, 153–54, 366 P.3d 612, 628–29 (2016) (quoting *Blair v. Ing*, 95 Hawai'i 247, 269, 21 P.3d 452, 474 (2001)) (other citations omitted).

However, Plaintiff fails to provide sufficient facts supporting a negligent misrepresentation claim, assuming it is the cause of action he intends to assert. Although Plaintiff avers that he relied on misinformation and suffered losses, he does not explain how Fidelity supplied false information as a result of its failure to exercise reasonable care or competence in communicating information about stock purchases. Thus, Plaintiff has not alleged sufficient facts to support his legal claim.

Notably, Plaintiff attaches multiple exhibits to his Complaint. *See* ECF Nos. 1-1 through 1-5. While the information therein might substantiate his allegations, "it is not the Court's responsibility to comb through the exhibits attached to a *pro se* complaint in an attempt to discern possible claims for relief." *Hall v. Shipley*, No. CV-19-04858-PHX-DWL, 2019 WL 3718887, at *2 (D. Ariz. Aug. 7, 2019) (citation omitted).

Further, it is unclear whether Plaintiff also articulates additional claims and/or whether other defendants caused him harm. First, Plaintiff often uses the term "Defendants" in his Complaint, even though his caption only identifies

Fidelity. *See, e.g.*, Compl. at 4.  Second, Plaintiff appears to suggest that FINRA acted improperly by precluding him from pursuing his claims with it, even after he remedied identified deficiencies.  *See id.*

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed.  Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts.  *See Lopez,* 203 F.3d at 1130; *Tripati,* 821 F.2d at 1370.  Specifically, pro se litigants proceeding in forma pauperis "must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Tripati,* 821 F.2d at 1370 (quoting *Franklin v. Murphy,* 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks omitted)); *see Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (noting that if a complaint is dismissed for failure to state a claim, the court must "freely grant leave to amend" if it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging different or new facts).

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that the deficiencies could be cured by amendment.  Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint.  Any amended complaint—

which should be titled "First Amended Complaint"—must be filed by **May 15, 2020** and must cure the deficiencies identified above; that is, Plaintiff must identify his claim(s), organize the amended pleading by claim, and provide the applicable law and facts alleging the harm caused by each Defendant. Plaintiff must also comply with all rules governing pleadings. Moreover, as Plaintiff's diversity jurisdiction allegations are cast across several documents on the docket, *see supra* note 1, Plaintiff shall also include all necessary allegations regarding the parties' citizenships in the amended complaint. Failure to timely file an amended pleading that fully complies with this order will result in the automatic dismissal of this action.

**B.  Denial of the IFP Application**

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the in forma pauperis statute, but "a plaintiff seeking IFP status must allege

poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Here, Plaintiff indicates in his Application that he is unemployed, receives $387 monthly in SNAP benefits but otherwise has no other income, and has $863 in a checking or savings account. *See* ECF No. 7 at 1–2. Further, the only asset he identifies is his mother's $800 *case*, inherited after her passing.[3] *See id.* at 2. Additionally, Plaintiff recently filed several lawsuits in this District, and filed an IFP application in each. But in two other cases filed by Plaintiff in this district, he filed IFP applications identifying his sole asset as his late mother's *car*, valued at $800. *See Evans v. Clark*, Civil No. 20-00119 LEK-RT, ECF No. 3 at 2; *see also Evans v. Gilead Sciences, Inc.*, Civil No. 20-00123 DKW-KJM, ECF No. 4 at 2.

These representations are contradictory. Without Plaintiff's clarification, the Court cannot determine whether the discrepancy between this case and the others is simply due to a typographical error. If Plaintiff intended to identify a car as an asset, he should correct the record. If the $800 in fact pertains to a case, Plaintiff should explain whether it is the same case as the settlement referenced in Exhibit A to his Complaint and whether any additional funds remain. And if the latter is true,

---

[3] It is unclear whether these funds are related to the $325,000 settlement Plaintiff received for the wrongful death of his mother, which he references in Exhibit A to his Complaint. *See* ECF No. 1-1 at 2.

Plaintiff must also disclose his car as an asset. Given the identified inconsistency and resulting questions, the Court is unable to ascertain whether Plaintiff has established poverty with the requisite certainty.

Accordingly, Plaintiff's Application is DENIED without prejudice.

## CONCLUSION

In accordance with the foregoing, the Court: (1) DISMISSES the Complaint with leave to amend and (2) DENIES Plaintiff's Application without prejudice.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **May 15, 2020**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint";

(3) Plaintiff must cure the deficiencies identified above, including (a) providing sufficient facts and law and complying with all rules governing pleadings, and (b) including complete allegations as to the parties' citizenship; and

(4) Plaintiff must file an IFP Application with the amended complaint *or* pay the applicable filing fee.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* file an IFP Application or pay the applicable filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 23, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00111 JAO-RT, *Evans v. Fidelity Brokerage Servs. LLC*, ORDER (1) DISMISSING COMPLAINT AND (2) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS