IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN EVANS<br><br>        Plaintiff,<br><br>    vs.<br><br>FIDELITY BROKERAGE SERVICES LLC; NOAH SORKIN,<br><br>        Defendants. | CIVIL NO. 20-00111 JAO-RT<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Pro se Plaintiff Brian Evans ("Plaintiff") commenced this action on March 9, 2020.  Unable to ascertain whether subject matter jurisdiction existed, the Court issued an Order to Show Cause ("OSC") requiring Plaintiff to provide the citizenships of Defendant Fidelity Brokerage Services LLC's ("Fidelity") members.  ECF No. 10.  Because Plaintiff provided an inadequate response, ECF No. 12, the Court issued a Second OSC directing Plaintiff to provide additional information regarding Fidelity's citizenship(s).  ECF No. 13.  The Court took no further action after reviewing Plaintiff's second response.  ECF No. 15.

On April 23, 2020, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed in Forma Pauperis.  ECF No. 16.  The Court

granted Plaintiff leave to file an amended complaint and required him to include all necessary allegations regarding the parties' citizenships in any amended pleading.

Plaintiff filed a First Amended Complaint ("FAC") on April 28, 2020. He continues to assert diversity jurisdiction as the basis for subject matter jurisdiction and his jurisdictional allegations include the following: (1) Fidelity is a Delaware LLC and a subsidiary of FMR, LLC ("FMR"); (2) FMR's majority owner is Abigail Pierrepont, a citizen of Massachusetts; (3) Ms. Pierrepont owns 49% of FMR and none of the owners of the remaining 51% interest owns more than her; (4) Plaintiff will continue to identify the remaining ownership through discovery; and (5) Defendant Noah Sarkin is a citizen of Massachusetts. ECF No. 20 at 3.

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899

(9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).  By contrast, an LLC shares the citizenships of all of its owners/members.  *See id.* at 902.  If an owner/member is an LLC, its owners/members must also be identified, along with their citizenships.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Diversity jurisdiction generally "depends on the citizenship of the parties at the time suit is filed."  *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).  When a plaintiff files an amended complaint, "courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3).

The Court afforded Plaintiff multiple opportunities to provide sufficient jurisdictional allegations, but he has not identified Fidelity's members and their citizenships.  Information concerning FMR, Fidelity's purported parent company, is not dispositive.  As noted above, the citizenship(s) of LLCs are determined by their members, not necessarily the owners of their parent companies.  Plaintiff has not provided the requisite information—the citizenships of Fidelity's members—

3

to establish diversity jurisdiction.  Because Plaintiff has failed to do so even after responding to two OSCs and amending his pleading, and alleges that additional discovery is required to ascertain the additional "ownership" of FMR, further opportunities to provide information would be pointless.  Based on the limited information supplied by Plaintiff, the Court cannot ascertain whether it has subject matter jurisdiction over this action.  Accordingly, this action is DISMISSED without prejudice.  In light of the dismissal, Plaintiff's pending Application to Proceed in Forma Pauperis is moot.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawai'i, April 28, 2020.

/s/ Jill A. Otake

Jill A. Otake
United States District Judge

CV 20-00111 JAO-RT; *Evans v. Fidelity Brokerage Services LLC, et al.*; ORDER DISMISSING ACTION WITHOUT PREJUDICE